FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>JEREMY RICHARDSON, individually and as Guardian of D.R., a minor; ANDY LOUIE and CHERYL LOUIE, a married couple, each individually and their marital community comprised thereof,<br><br>                Defendant. | NO. 2:24-cv-00308-RLP<br><br>ORDER GRANTING DEFENDANT RICHARDSON'S REQUEST FOR ADDITIONAL DISCOVERY AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION WITH LEAVE TO RENEW |

BEFORE THE COURT, without oral argument, are Plaintiff Allstate Vehicle and Property Insurance Company's ("Allstate") Motion for Summary Judgment, ECF No. 28, Defendant Jeremy Richardson's FRCP 56(d) request for a continuance, ECF No. 40 at 15-18, and Plaintiff Allstate's Motion to Strike, ECF No. 44. The Court has reviewed the parties' submissions with respect to the

ORDER GRANTING DEFENDANT RICHARDSON'S REQUEST FOR
ADDITIONAL DISCOVERY AND DENYING PLAINTIFF'S SUMMARY
JUDGMENT MOTION WITH LEAVE TO RENEW * 1

motions, the record, the relevant law, and is fully informed. *See* ECFs No. 28-31; 40-45. Defendant Richardson's request for a FRCP 56(d) continuance is **GRANTED**. Plaintiff Allstate's Motion for Summary Judgment is **DENIED with leave to renew**. Plaintiff Allstate's Motion to Strike is **DENIED** as moot.

## BACKGROUND

In February of 2024, Defendant Jeremy Richardson, through his business entity Endless Seas, LLC, purchased property in Sprague, Washington from Defendants Andy and Cheryl Louise. ECF No. 31-1 at 6. After the purchase, Defendant Richardson successfully applied for a homeowner's insurance policy from Plaintiff Allstate. ECF No. 40-2 at 1. In his application, Defendant Richardson represented himself as the owner of the property, and that no business activity occurred on the property. ECF No. 29 at 15-20. Over the night of March 21-22, 2024, the home on Defendant Richardson's property burned in a fire, and Defendant Richardson made a claim with his insurer, Plaintiff Allstate. ECF No. 8 at 8.

Plaintiff Allstate filed the instant action for declaratory relief on September 16, 2024. ECF No. 1. Plaintiff Allstate claims Defendant Richardson's insurance policy is void because he made knowing material misrepresentations on his application with regards to the ownership of, and presence of business activity on, the property. ECF No. 1. In his answer, Defendant Richardson asserted

counterclaims for breach of contract, and under Washington's Insurance Fair Conduct Act, RCW 48.30.015. ECF No. 20 at 3-4.

Plaintiff Allstate filed the instant Motion for Summary Judgment on December 11, 2024. ECF No. 28. In response, Defendant Richardson requests a FRC 56(d) continuance to permit additional discovery to occur. ECF No. 40 at 15-18. As of January 10, 2025, the only discovery completed was the parties' initial disclosures, and a set of written discovery directed to Plaintiff Allstate by Defendant Richardson. ECF 40-3 at 2. Plaintiff Allstate also moves to strike the Declaration of Andy Louie and Cheryl Louie filed in support of Defendant Richardson's response. ECF No. 44.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Federal Rule of Civil Procedure 56(d) states that in the face of a motion for summary judgment, a non-movant may request that the Court "defer considering the motion" or "allow time to . . . take discovery" necessary to establish an opposition to summary judgment. Rule 56(d) motions should be granted freely. *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Indeed, such motions "should be granted almost as a matter of course unless the non-

moving party has not diligently pursued discovery of the evidence." *Id.*

"To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.' " *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

## DISCUSSION

This case is still young. Plaintiff Allstate filed its Motion for Summary Judgment only three months after filing suit. Defendant Richardson has already diligently pursued discovery by propounding a set of written discovery to Plaintiff Allstate. ECF 40-3 at 2. Defendant Richardson has shown via declaration he needs a continuance to pursue additional discovery. *See* ECF No. 40-3. Defendant Richardson hopes to elicit facts about the tenants on the property, the communications between Defendant Richardson and Plaintiff Allstate, and into Plaintiff Allstate's underwriting and insurance policy issuance policies and procedures. ECF No. 40-3 at 2-3. This discovery could conceivably lead to questions of fact as to whether Defendant Richardson made a misrepresentation, whether any misrepresentation was material, or made with an intent to deceive

Plaintiff Allstate. ECF No. 40-3 at 4. Thus, Defendant Richardson cannot currently present facts essential to justify his opposition to summary judgment. The Court finds good cause to grant Defendant Richardson's request for a continuance under FRC 56(d) to allow him to conduct the needed discovery. Plaintiff Allstate may renew[1] its Motion for Summary Judgment after additional discovery is conducted.

As the Court grants Defendant Richardson's request for a FCRP 56(d) continuance, Plaintiff Allstate's motion to strike, ECF No. 44, is moot. The Court therefore denies the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Richardson's FRCP 56(d) request for a continuance, ECF No. ECF No. 40 at 15-18, is **GRANTED**.

2. Plaintiff Allstate's Motion for Summary Judgment, ECF No. 28, is **DENIED with leave to renew**.

3. Plaintiff Allstate's Motion to Strike, ECF No. 44, is **DENIED** as moot.

DATED February 4, 2025.



REBECCA L. PENNELL
United States District Judge

---

[1] The Court notes that Plaintiff Allstate failed to follow LCivR 56(c)(1)(A) by omitting a "Statement of Material Facts Not in Dispute" in conjunction with its Motion for Summary Judgment. Should Plaintiff Allstate renew its motion, the Court directs it to comply with the local rules.